


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRENT ROGER WILKES,

Defendant.

CASE NO. 07cr0330-LAB

**ORDER DENYING BAIL PENDING APPEAL**

Federal law establishes a rebuttal presumption that persons who are convicted and sentenced to terms of incarceration shall be imprisoned, even when they choose to appeal. At the February 19, 2008 sentencing of Brent Roger Wilkes, the Court denied Mr. Wilkes' application for continued bond pending appeal, for the reasons recited on the record. This Order memorializes that ruling.

The considerations associated with the decision to release a defendant on conditions or to detain the defendant pending sentencing or appeal are codified at 18 U.S.C. § 3143 ("Section 3143"). Section 3143(b) recites a judicial officer "shall order" detention of a person found guilty and sentenced to a term of imprisonment **unless**: (A) the court finds clear and convincing evidence the person will not flee **nor** pose a danger to the community if released; **and** (B) the court finds the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, a new trial order, a sentence that does not

include a term of imprisonment, or a reduced sentence meeting certain specified criteria. The Court finds neither subsection (A) or (B) applies here to justify deviation from the presumption of immediate incarceration upon pronouncement of sentence.

Under Section 3143(b)(A), the term "danger" encompasses "economic danger." United States v. Reynolds, 952 F.2d 192 (9th Cir. 1992). That is, where release of the defendant would pose a risk of economic or pecuniary harm to the community, the "danger" element is met. "Clear and convincing evidence" means persuasion to a level of certainty that it is "highly likely" the defendant will not pose an economic harm to others or to the community, a higher standard than "more likely than not." *See* 9th Circuit Model Civil Instruction 1.4. The Court concludes Mr. Wilkes has failed to provide clear and convincing evidence he would pose no economic danger to the community were the Court to grant him bail pending appeal, in consideration of the nature of his crimes and his conduct in the course of this case. The Court notes the jury convicted him of thirteen crimes which were mostly economic in nature. They involved bribery, money laundering, and wire fraud and, as found by the jury, these crimes were ongoing and continuous in nature, spanning over nine years. In addition, the crimes were sophisticated, involved stealth and guile, and included attempts to disguise and to cover-up the wrongdoing.

Moreover, the Court doubts Mr. Wilkes trustworthiness and ability to follow any conditions of release the Court might set if he were released on bond pending appeal. He exercised his right to testify at trial, but in the view of the jury and of this Court, he did not testify truthfully. In one instance, in which he denied any role or participation in procuring prostitutes for former Congressman Cunningham, his testimony was utterly unbelievable and thoroughly contradicted by the weight of the evidence. The finding that Mr. Wilkes is too untrustworthy to be admitted to bail is buttressed by the Court's conclusion that the defendant misled the Court regarding his financial situation in a sworn affidavit he filed and upon which the Court relied to appoint counsel. The government and Mr. Wilkes have since lodged financial records with the Court showing, in the court's judgment, Mr. Wilkes has had the ability to pay for his own legal counsel all along. The Court finds Mr. Wilkes materially

misrepresented his financial condition in an improper effort to obtain legal representation at the expense of the taxpayer.

In summary, the Court finds the standards warranting an exception to detention under Section 3143(b)(A) are not satisfied here. The record strongly suggests Mr. Wilkes would pose an economic danger to the community and others should he be released pending the outcome of his appeal, and it is unlikely he would comply with any condition of bond he may regard as inconvenient or inconsistent with his own agenda. Certainly, no contrary finding by clear and convincing evidence is warranted on this record before the Court.

With respect to the second required finding before deviation from detention is warranted, and as a separate and alternative basis for denying bond pending appeal, the Court finds under Section 3143(b)(B) any challenge the defendant might bring to his conviction and sentence is not likely to raise substantial questions of law or fact nor, in the judgment of this Court, would any appeal be likely to result in reversal. The Court denied Mr. Wilkes' post trial motions after giving them careful consideration. He reasserts the same arguments in support of his contention an appeal on these same grounds will likely result in reversal. The Court finds, to the contrary, none of his arguments has the degree of merit required to meet the applicable standards.

Specifically, applying the standard articulated in United States v. Handy, 761 F.2d 1279 (9th Cir. 1985), for reasons explained in denying Mr. Wilkes' post trial motions, the Court does not find the trial timing raises "fairly debatable" concerns or doubts regarding whether there was an abuse of discretion. Defendant's jury trial convened fully eight months after he was arraigned on the charges and after this Court granted continuances for the periods requested by defense counsel, both before and during trial. Similarly, the Court does not find "fairly debatable" the proposition the prosecutors crossed the line by making impermissible arguments to the jury that prejudiced Mr. Wilkes' fair trial rights. To be sure, the prosecutors in this case struck "hard blows" in their comments to the jury, but they did not strike foul ones. Moreover, in assessing whether there was any apparent prejudice, the Court notes Mr. Wilkes' jury deliberated intensely for four full days before returning its verdicts, a

conscientious effort that does not bespeak an impassioned rush to judgment. The few alleged trial errors cited, even if they are accurately characterized as errors, are relatively trifling and not, in this Court's judgment, likely to result in reversal of his convictions. The United States Supreme Court has stated that a defendant is entitled to a fair trial, not a perfect one. Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986) Mr. Wilkes got a fair trial.

Reprising and reconsidering the defendant's other pretrial motions, the Court likewise finds none of them has the level of factual or legal merit likely to result in reversal. In particular, any misconduct in leaking grand jury information well before trial began was non-prejudicial, given the defendant was tried by an impartial jury he helped select and agreed to. If there was any misinstruction of the grand jury, as the defendant alleges (but this Court finds did not occur), it was purged by the correct, settled, and agreed-to instructions on the law delivered to the trial jury.

Finally, the sentence pronounced in this case is significantly below the sentence recommended by the US Probation Department and below that advocated by the government, and was arrived at after full and fair consideration of the relevant sentencing factors. In this Court's judgment, there is no basis for disturbing the sentence.

For all the foregoing reasons, the defendant's application for continued bond pending appeal is denied. Mr. Wilkes is remanded to the custody of the Attorney General.

DATED: 2-19-08

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**
United States District Judge