# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>  vs.<br><br>BRENT ROGER WILKES,<br><br>                             Defendant. | CASE NO. 07cr0330-LAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

After Brent Wilkes was convicted of conspiracy, honest-services fraud, money laundering, and bribing a public official, and sentenced to 12 years in prison, on November 4, 2010 he filed a motion for a new trial on the basis of newly discovered evidence. The Court denied that motion. Mr. Wilkes now asks the Court to reconsider that denial.

The Federal Rules of Criminal Procedure don't specifically authorize motions for reconsideration, but "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007). They are considered under the standard applicable to equivalent motions in civil proceedings. *Id.* Here, the relevant standard appears in Fed. R. Civ. P. 60(b):

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In addition, this Court's Standing Order in Civil Cases 4(j) provides: "Motions for reconsideration are disfavored unless a party shows there is new evidence, a change in controlling law, or establishes that the Court committed clear error in the earlier ruling." Wilkes asserts that his motion for reconsideration is based on Fed. R. Crim. P. 33, but that Rule governs motions for a new trial, not motions to reconsider the denial of such a motion.[1]

The essence of Wilkes' motion for reconsideration is that the Court erred in rejecting the exculpatory testimony of Duke Cunningham without holding an evidentiary hearing. He argues that "an evidentiary hearing is appropriate before deciding contested issues of witness credibility." (Mot. at 2.) No, it isn't. As Wilkes' concedes, "[t]he decision whether or not to conduct an evidentiary hearing to consider a motion for a new trial is a matter of discretion." *United States v. Thompson*, 493 F.2d 305, 310 (9th Cir. 1974).

When the Court denied Wilkes' motion for a new trial, it discounted the testimony of Cunningham for the following reason:

> Not only do his own crimes strip him of credibility in the eyes of the Court, but his declaration statements flatly contradict the substance of his plea agreement, statements he made at the plea hearing, the overwhelming evidence that lef to his and Wilkes's conviction, the sworn testimony of federal agents who investigated Cunningham's corruption, and even statements made by Cunningham's own lawyers.

---

[1] Wilkes also continues to impugn the Court's jurisdiction to rule on his motion for a new trial while an appeal of his conviction is pending before the Ninth Circuit. The Court can only refer Wilkes, again, to *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984) ("The District Court had jurisdiction to entertain the motion [for a new trial] and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case.").

(Doc. No. 410 at 6.) Wilkes now argues that "[w]e are left to determine whether Cunningham was lying then or if he is lying now. This is precisely the type of situation where live witness testimony is appropriate and necessary to resolve the conflicting versions of what really happened." Again, the Court profoundly disagrees.

Regardless of whether Cunningham lied in the past or is lying now, he is a liar, not to mention a convicted felon, and the testimony of such a person would not, in the Court's judgment and experience, establish that Wilkes "would probably be acquitted in a new trial." *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc) (citing *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005)) (outlining five-part legal test for a new trial on the basis of newly discovered evidence). Indeed, Cunningham's manifest lack of credibility was the great deficiency of Wilkes' motion for a new trial, and it is the great deficiency of his motion for reconsideration. If the Court were to grant Wilkes a new trial, and Cunningham were to take the stand and testify that Wilkes never bribed him, the Government would impeach him with his previous statements, and it is matter of pure speculation, at this point, that a jury would take Cunningham's present testimony, rather than those previous statements, to be the truth. At best, there is a *possibility* that Wilkes would be acquitted in a new trial, but that's a possibility inherent in all trials, and it's certainly no basis for requiring the Government to prosecute Wilkes a second time.

Moreover, the Court is completely unmoved by Wilkes argument that Cunningham had a lot to gain by lying when he pleaded guilty and was sentenced, but has nothing to gain by lying now: "Now, when Cunningham has nothing to gain, and more to lose, he has come forward with the truth . . . . Cunningham has no incentive to fabricate at this time. He has no vehicle to obtain any benefit by stating that Mr. Wilkes is innocent." (Mot. at 6.) Cunningham's reputation is in tatters, and for someone of his previous professional and social stature, this consequence is just as ruinous as a custodial sentence. To the extent his declaration not only exonerates Mr. Wilkes but also attempts to exonerate himself and

/ / /

/ / /

1  denigrate the integrity of the government prosecutors, Cunningham absolutely has something
2  to gain here.[2]

3  The Court stands by its denial of Wilkes' motion for a new trial. The motion for
4  reconsideration is **DENIED**.

6  DATED: April 20, 2011

*[signature: Larry A. Burns]*

10  **HONORABLE LARRY ALAN BURNS**
11  United States District Judge

---

[2] It is also naive to read Cunningham's declarations in isolation from other recent attempts he has made, from prison, to polish his name and proclaim his innocence of the charges brought against him. *See* Ryan J. Reilly, "Duke Cunningham: My 'Untold Story'," *Talking Points Memo*, April 7, 2011, http://tpmmuckraker.talkingpointsmemo.com/2011/04/duke_cunningham_my_untold_story.php (visited April 19, 2011).