# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>BRENT ROGER WILKES,<br><br>　　　　　　　　　　Defendant. | CASE NO. 07cr0330-LAB<br><br>**ORDER REVOKING BAIL BASED ON PROBABLE CAUSE TO BELIEVE DEFENDANT COMMITTED NEW FELONIES; STATEMENT PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 9(b)** |

　　　　The Ninth Circuit remanded this case with instructions for this Court to conduct an evidentiary hearing to determine whether failure to grant immunity to Michael Williams so distorted the fact-finding process as to deny Defendant Wilkes a fair trial.

　　　　After a full day evidentiary hearing, the Court found that the failure to grant Williams immunity did not distort the fact-finding process and did not deny Wilkes a fair trial. The Court's conclusion that Wilkes had not been denied a fair trial was bolstered by the Ninth Circuit's opinion that characterized the evidence against Wilkes as "extensive," "overwhelming," "ample," and "substantial." *United States v. Wilkes*, 662 F.3d 524, 536, 539, 543, 544 (9th Cir. 2011). The Ninth Circuit found that "the government presented a strong case against Wilkes" and that "[t]his was not a close case." *Id.* at 541, 542.

The Court then turned to the government's motion to revoke bail. The government submitted a sworn declaration establishing probable cause to believe that Wilkes had converted over $107,000 held in trust for the former employees of Wilkes' company. He was able to do this because he was serving as a fiduciary for two employee benefit plans, a profit sharing plan and a 401(k), and had checks issued to himself. Although he had been a plan participant, he had already withdrawn all his own funds from the plan. The plans in which the money was held were supposedly terminated on December 6, 2006, but without observing the required formalities for plan termination under ERISA. An agent for the government contacted a plan participant who had been attempting to receive payment and had been told a check would be issued, but he had never received anything. Three other plan participants were contacted and told agents they never gave Wilkes permission to take or borrow the moneys the contributed to the plan. Wilkes has repaid $70,000 of the loans, but they are still underfunded by approximately $130,000.

Wilkes filed papers asserting that the plans had been "shut down," that he had tried and failed to locate the plan participants, and that the surplus funds were therefore "orphaned" funds that he was entitled to borrow. He also maintained he had reported the loans to pretrial services and to the Department of Labor, which the government disputes.

Even accepting Wilkes' explanation concerning his good faith in "borrowing" the funds (which the Court does not), there is no such thing as "orphaned" 401(k) funds. *See* 26 C.F.R. § 1.411(a)-4(b)(ii) (participants' right to benefits derived from their own contributions are nonforfeitable). If, as the government contends, Wilkes issued loans to himself from funds he held in trust for former employees, he was not only violating his fiduciary duties; he was committing the crime of embezzlement of pension funds, a felony under 18 U.S.C. § 664. *See United States v. Wiseman,* 274 F.3d 1235, 1241 (9th Cir. 2001) (defendants who illicitly borrowed pension funds were properly convicted of embezzlement under § 664, regardless of any intent to repay the loans). Finally, under 29 U.S.C. § 1111, as a felon convicted of bribery, Wilkes is completely forbidden from serving in any capacity on an

/ / /

ERISA plan, including having custody or control of any plan funds.[1]  A violation of either § 664 or § 1111 is a felony punishable by up to five years in prison.

At the hearing, the Court found probable cause to believe that Wilkes had committed two felony offenses while on bail. Based on these changed circumstances, the Court determined that Wilkes could not establish by clear and convincing evidence under 18 U.S.C. § 3143(b) that he is not an economic danger to the community.[2]  Detention was therefore mandatory, and bond was revoked.

The Court issues this explanation pursuant to Fed. R. App. P. 9(b). *See United States v. Cordero*, 992 F.2d 985, 986 n.1 (9th Cir. 1993).  A transcript of the bail revocation portion of the hearing is attached to this Order.

DATED:  June 8, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] This disqualification runs from the date of his conviction in the trial court, regardless of the fact that his conviction is on appeal. 29 U.S.C. § 1111(c)(1).

[2] In fact, the Court affirmatively found Wilkes is a danger to the community.