UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>BRENT ROGER WILKES,<br><br>                                  Defendant. | Case No.: 07cr330-LAB-1 and 15cv2841-LAB<br><br>**ORDER REQUIRING DEFENDANT TO PROFFER EVIDENCE;**<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING BY MARK GERAGOS; AND**<br><br>**ORDER PERMITTING RESPONSE BY THE GOVERNMENT** |

      Brent Wilkes filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction, and requesting an evidentiary hearing. Most of his claims were denied, but additional briefing was ordered on his claims of ineffective assistance of counsel. His trial attorney, Mark Geragos, was ordered to address factual assertions Wilkes made in support of his First, Eighth, and Fourteenth claims. Most of Wilkes' claims of ineffective assistance of appellate counsel were denied, but to the extent they depended on ineffective assistance of trial counsel, the Court reserved on those issues. Geragos has now filed his sworn declaration, and it has been served on Wilkes.

/ / /

**Supplemental Response Required of Geragos**

While Geragos suggested that he did not have time to obtain, prepare, and present all the evidence he believes he should have, he never specifically identified any evidence that, given the opportunity, he could have presented that might have altered the outcome. In fact, the wording of his declaration suggests he isn't able to identify witnesses or evidence specifically, or how they would have helped acquit Wilkes. The most he appears to be willing to say is that he thinks some evidence exists.

If, however, Geragos is able to identify any witnesses whose testimony he believes he should have presented, or other evidence he should have presented but could not, he must file a declaration by **January 29, 2018**. His declaration must specifically identify the source of the testimony or other evidence, explain what that testimony would have been or what the evidence would have said, and specifically how he believes it would have changed the outcome.

**Response Required of Wilkes**

Geragos' declaration, if accepted as true, shows that he was not ineffective, and means Wilkes' remaining claims fail. Wilkes is therefore **ORDERED** to file a response no later than **January 29, 2018**, in the form of a declaration that includes all the testimony and other evidence that he wishes to offer in support of his ineffective assistance of counsel claim.

One topic Geragos was not asked to address, but did, was whether the Court's rulings placed unreasonable and unfair constraints on him. Geragos argues that the Court's rulings hindered his preparation, such that although he committed no unprofessional errors, his representation of Wilkes was rendered ineffective. He says he believes Wilkes would have been acquitted otherwise.

Claims arising from the Court's evidentiary and scheduling rulings could have been raised on direct appeal. Most were, and all that were raised were denied. *See United States v. Wilkes*, 744 F.3d 1101 (9th Cir. 2014) (holding that additional evidence Wilkes pointed to did not merit a new trial); *United States v. Wilkes*, 662 F.3d 524, 543

(9th Cir. 2011) (holding that the Court's denial of a continuance was not an abuse of discretion, and that Wilkes was not prejudiced by it). In other words, the Ninth Circuit rejected Geragos' assertion that the Court's rulings unfairly led to Wilkes' conviction. And the Court has already ruled on them. (*See* Docket no. 535 at 21 n.9.)

Wilkes' declaration should not address the Court's rulings at trial. Instead, it should focus on rebutting Geragos' declaration, and attesting to facts he believes point to Geragos' own ineffectiveness as defense counsel. Wilkes' declaration should include all facts he wishes the Court to consider when deciding whether Geragos was ineffective as his trial counsel. He may also attach exhibits to support his claim.[1] He must not, however, attempt to re-argue claims the Court has already denied, or attempt to raise other claims. If he does, his response may be rejected for filing.

Concerning any testimony or other evidence Wilkes believes Geragos should have presented at trial, he must specifically identify the witness or witnesses and what he believes they would have said. He must also specifically identify any other evidence and what it would have said. And he must explain specifically how this testimony or evidence would have changed the outcome.[2]

Wilkes' response should serve as a proffer — that is, it should show what evidence he would present at an evidentiary hearing on his claims of ineffective assistance of counsel, if such a hearing were held. His response should be complete in itself, without

/ / /

---

[1] Any exhibits Wilkes attaches must be authenticated as required by Fed. R. Evid. 901. He may do this, for example, by attaching his own declaration under penalty of perjury identifying what the documents are, and how he knows they are what he claims they are. *See* Fed. R. Evid. 901(b)(1).

[2] Wilkes' moving papers claimed very generally and broadly that testimony he pointed out to Geragos would have convinced a jury of his innocence. This type of generalized claim is not what is being asked of him. His declaration must specifically identify the evidence and its source; what it would have said; and how, in light of all the evidence presented at trial, it would have led to a different verdict. *See Wilkes*, 662 F.3d at 543 (citing *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142 (9th Cir. 2005)) (explaining that a showing of actual prejudice requires a showing that specific evidence not presented would have led to a different verdict).

reference to other documents.  He should not depend on the Court to look through documents he has filed in the past and piece together or argue his claims for him. The Court will not assume that Wilkes would be prepared to present any evidence at a hearing that he has not included in his response.

If Wilkes does not file a declaration when due, the Court will construe it to mean he concedes Geragos' declaration is true and complete, and may deny Wilkes' remaining claims on that basis.

**Government Permitted to Respond**

The government may, if it wishes, file a response addressing Wilkes' and Geragos' declarations.  Its response should be supported by one or more declarations, and should be filed by **February 20, 2018**.

**Instructions to Court Clerk**

The Clerk is directed to email a copy of this order to Geragos at the email address provided in the docket, and also to send a copy to him by some method that will provide proof of receipt.

**IT IS SO ORDERED**.

Dated:  January 8, 2018

Hon. Larry Alan Burns
United States District Judge