UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BRENT ROGER WILKES,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 07cr330-LAB-1 and 15cv2841-LAB<br><br>**ORDER DENYING RENEWED DISCOVERY REQUEST** |

On January 8, the Court ordered Petitioner Brent Wilkes to proffer evidence he would offer if an evidentiary hearing is held on his ineffective assistance of counsel claim. The Court directed Wilkes to focus on rebutting the declaration by his trial counsel, Mark Geragos. He was directed not to try to reargue claims the Court had already denied, or attempt to raise any other claims.

After being granted additional time, Wilkes has finally filed a response, in two parts. The first part (Docket no. 542) is a collection of unauthenticated exhibits, promising to attach a declaration later. The Court directed Wilkes to file his declaration forthwith. He then filed a hybrid declaration and discovery motion.

Wilkes has previously moved for discovery to find evidence in support of his claims (Docket nos. 488, 500), and Court has previously denied those requests. (Docket no. 535). Wilkes' new motion, which amounts to a motion for reconsideration, does not

show why reconsideration is appropriate. Nor would it, standing alone, show why discovery should be granted. The motion mentions huge amounts of documents and other items, much of it only obliquely, without saying whether Wilkes already has it – or if he does not have it, where it could be found.[1] Many of the requests are staggeringly expansive. (Mot. at 4, ¶ 12 (seeking all credit card statements for the time period 1996 to 2005 for Wilkes and nine other people or entities), ¶ 14 (seeking all corporate travel planning files and documents from seven different entities and unspecified "other entities".) To the extent Wilkes does not have the evidence he identifies, it is clear he is asking for permission to engage in a large-scale fishing expedition. *See Calderon v. U.S. Dist. Court for the N. Dist. Of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) (holding that federal courts are not permitted to authorize discovery "for fishing expeditions to investigate mere speculation," and that conclusory allegations are insufficient to establish good cause for discovery). Furthermore, to a great extent, Wilkes' request is premised on the idea that the Ninth Circuit's rulings on appeal were wrong. *See United States v. Wilkes*, 662 F.3d 524, 539, 541 (9th Cir. 2011) (characterizing the evidence of Wilkes' guilt as "overwhelming" and "extensive" and discounting the significance of Joel Combs' testimony); *United States v. Wilkes*, 744 F.3d 1101, 1110 (9th Cir. 2014) (rejecting Wilkes' argument that new evidence would probably result in his acquittal, in light of the "mountain of evidence" of his guilt).

Wilkes had a trial and two appeals in this case, before which he was provided with full discovery. He even presented additional evidence after his conviction. The evidentiary record is well developed, and there is no reason to start the whole process again from scratch at this point.

///

---

[1] The motion refers to a huge amount of evidence, but only says "I believe all of these items are in the possession of myself, Federal Defenders, another known holder of the information or still in the possession of the government." (Mot. at 2.)

| | |
|---|---|
| 1 | Wilkes' request for discovery is **DENIED**. The Court construes his two filings |
| 2 | (Docket nos. 542, 545) as his response to the Court's order. (Docket no. 543.) The |
| 3 | government may, if it wishes, file a response to Geragos' declaration and Wilkes' filings |
| 4 | by **May 23, 2018**, but it need not address the renewed discovery request. |

IT IS SO ORDERED.

Dated: April 17, 2018

_____
Hon. Larry Alan Burns
United States District Judge