UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>v.<br>BRENT ROGER WILKES,<br><br>                        Defendant. | Case No.: 07cr330-LAB-1 and 15cv2841-LAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION OR CORRECTION OF THE RECORD**<br><br>**[DOCKET NUMBER 549.]** |

On April 17, the Court construed Defendant Brent Wilkes' two filings as his response to the Court's order of January 8.[1] Because the two filings mentioned numerous documents Wilkes said he needed, the Court construed them as including a motion for reconsideration of its earlier orders denying discovery, and denied reconsideration.

Wilkes has now filed a motion styled "Motion for Clarification or Correction of Record and Relief from Court Order." (Docket no. 549.) In it, he takes issue with the Court's April 17 order and asks that the Court withdraw it. This, in effect, amounts to a

---

[1] When Wilkes failed to file the kind of response the January 8 order required, the Court on April 4 gave Wilkes more time to file it, and cautioned him that if he failed to do so, the Court would construe his earlier filing as his response.

motion for reconsideration of an order denying reconsideration. His motion takes issue with various remarks in the order, which he claims are inaccurate.

Wilkes' motion goes back and forth about whether he was or is seeking discovery, alternating between denials that he is seeking discovery and demands for evidence the believes has been withheld or made unavailable to him. On page four, for example, it says "**The Declaration is not a veiled Motion for Discovery.**" (emphasis in original). Immediately afterwards, however, it says evidence Wilkes needs is in the possession of the government or non-parties. (*Id*. at 4–5.) It then says "Preparation for a hearing will require a search through all the vast quantity of evidence to locate and organize the evidence . . . ." (*Id*. at 5.) Then it again <u>denies</u> that discovery is needed, explaining that Wilkes and his trial counsel Federal Defenders already have enough information. (*Id.*) But then it goes on to say he is seeking additional documents that he doesn't have. (*Id.* ("**Wilkes has identified the items he seeks in his declaration** and knows for a fact of their existence.")) Then it demands evidence he claims the government is withholding from him. (*Id.* at 6 ("[T]his material (known to exist and to have been taken by the government for no reason) must now be located."))

It may be that Wilkes misunderstands what discovery is, and incorrectly believes it refers only to learning about new evidence, as opposed to obtaining evidence not in his control. But whatever he believes, his request is not well-taken. Wilkes was ordered, more than once, to file a declaration including all the facts he wished the Court to consider when deciding whether his trial counsel Mark Geragos provided ineffective assistance of counsel. (*See* Docket no. 543 (order requiring Wilkes to file his declaration forthwith, and referencing an earlier order).) His declaration was to have identified all testimony or other evidence he wanted to present, and all exhibits were to have been authenticated. (*Id*. at 1:17–23.) To the extent Wilkes is seeking to obtain documents from the government or third parties, he has not explained why reconsideration of any of the Court's earlier orders denying discovery would be appropriate. To the extent the evidence he has is already

2

07cr330-LAB-1 and 15cv2841-LAB

within his control, he does not need discovery. And in any event, the time for submitting new evidence is well past.

Wilkes' motion also offers an explanation for his submitting his declaration in multiple installments. But the Court already accepted those, and construed them together as his response.

In the motion's concluding paragraph, Wilkes asks that the Court either withdraw its April 17 order or else allow his motion to remain in the docket as an explanation of his position, apparently in anticipation of an appeal. He has not shown any good reason for the Court to withdraw or amend its order, and that request is **DENIED**. His request that the motion be accepted for filing is, however, **GRANTED**. It is now part of the record, and the explanations it contains are available to this Court and any reviewing court.

**IT IS SO ORDERED**.

Dated: December 7, 2018

Hon. Larry Alan Burns
United States District Judge